UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
GUANGDONG FOODSTUFFS IMPORT &
EXPORT (GROUP) CORP., et al.,

                Plaintiffs,

          - v -

YANG SHING TRADING CO., INC.,
HANDYFAT TRADING INC., et al.,

          Defendants/Third Party Plaintiffs,

          - v -

DAI SING, INC.,

           Third Party Defendant.
--------------------------------------------------------------------x

**ORDER**

CV-04-4746 (FB)(VVP)
(consolidated with CV-04-4747)

      The parties have addressed to the court various discovery disputes upon which the court rules below.

      1.      **Documents sought by Guangdong and Dai Sing from Handyfat**.  Handyfat and Yong shall produce all documents – including without limitation all invoices, monthly reconciliations re Yang Shing, and canceled checks –  reflecting purchases and sales of Pearl River Bridge soy sauce.  The documents are relevant to show infringement and damages.  The fact that the reconciliations regarding transactions with Yang Shing may reflect far more than soy sauce purchases does not protect them from disclosure, particularly in view of the apparent paucity of other records concerning the soy sauce purchases at issue here.  Although the defendants intone the objection of burdensomeness, they fail to provide any support for that assertion and it therefore must be rejected.  *See, e.g., Newman & Associates v. J.K. Harris & Co.*, No. 04 Civ .9264 2005, WL 3610140, at *2 (S.D.N.Y. Dec. 15, 2005) (citing *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 42 (S.D.N.Y.1984)); *In re Priceline.Com Inc. Securities Litigation*, No. 3:00 CV 01884, 2005 WL 1366450, at *2 (D. Conn. June 7, 2005).

As to tax returns, the plaintiffs have not demonstrated that the tax returns have any relevance, as it is unlikely that the returns will reflect the sales of infringing soy sauce with any particularity given that the defendants sell literally hundreds of different products. Moreover, the plaintiffs have not made any showing that would overcome the caution courts traditionally maintain when considering whether to compel disclosure of tax returns. *See, e.g., Playboy Enterprises Intern. Inc. v. On Line Entertainment, Inc.*, No. 00-CIV-6618, 2003 WL 1567120, at \*1 (E.D.N.Y. March 13, 2003) (citing *United States v. Bonanno Organized Crime Family of La Cosa Nostra*, 119 F.R.D. 625 (E.D.N.Y. 1988)); *Gattegno v. Pricewaterhousecoopers, LLP*, 205 F.R.D. 70, 72-73 (D. Conn. 2001). Accordingly, no tax returns need be produced.

As to bank records (other than the canceled checks mentioned above), in order to permit the plaintiffs to confirm that there are no bank records for recent periods when all Handyfat - Yang Shing transactions were asserted to be strictly in cash, the defendants shall produce any three monthly statements chosen by the plaintiffs together with all canceled checks and other proof of payment documents that accompanied the statements. These records are "for attorneys eyes only" and shall not be disclosed by the plaintiffs' counsel to his clients. If the statements and records thus produced raise questions about the accuracy of the defendants' representations concerning the Handyfat - Yang Shing relationship, the plaintiffs' counsel may make a further application to the court.

The defendants shall produce documents sufficient to show the owner(s) of Handyfat, as well as all corporate officers and directors. (The document to which the defendants refer which will list only the owner is *not* sufficient.) Finally, the defendants need not produce documents relating to profits, expenses, cost deductions, etc. The purchase and sale prices of the soy sauce at issue is sufficient for the calculation of damages.

Handyfat shall produce the documents above for inspection and copying no later than 12:00 noon on Friday, April 14, 2006.

2.      **Documents sought by Handyfat from Guangdong.** The plaintiffs need not produce audited financial statements (to the extent they exist) of Guangdong as any such documents do not appear to have any information that would reflect lost profits. For the same reason, the plaintiffs may limit their production of documents responsive to other requests to

documents concerning sales (and the profits therefrom) to the New York metropolitan area. Tax returns need not be produced for the reasons set forth above in the consideration of Guangdong's requests. The plaintiffs' objection to the production of all pleadings, transcripts and briefs in all actions or proceedings concerning the Pearl River Bridge trademark is sustained. Such information is not likely to lead to evidence admissible at trial, and the decisions, rulings and orders concerning such actions and proceedings will in any event provide which the plaintiffs have agreed to produce will provide whatever useful information there may be concerning those matters. The plaintiffs' objection to production of documents relating to investigations other than those of the defendants here is also sustained, as the court fails to see the relevance of any such information. The court does not address Handyfat's requests 4, 7, and 8 to which the plaintiffs have not objected.

The plaintiffs shall produce the above documents for inspection and copying by 12:00 noon on Friday, April 14, 2006.

3.      **Documents sought by Guangdong and Dai Sing from Yang Shing.**  Although these parties represented at the March 17 conference that they were in agreement concerning the documents that were to be produced by Yang Shing, their apparent agreement proved illusory when Yang Shing failed to produce various bank statements and canceled checks. By letter dated March 27, 2006, the plaintiffs sought an order compelling the production of bank statements and canceled checks. (The letter did not specify the period of time for which such records were to be produced.)  Yang Shing has not responded to the letter. Accordingly, Yang Shing is hereby directed to produce for inspection and copying all bank statements with canceled checks for the time period designated in the document request served on Yang Shing.

Yang Shing shall produce the above documents for inspection and copying by 12:00 noon on Friday, April 14, 2006.

**SO ORDERED:**

*Viktor V. Pohorelsky*

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:    Brooklyn, New York
          April 3, 2006