UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
GUANGDONG FOODSTUFFS IMPORT &
EXPORT (GROUP) CORP., a People's Republic
of China corporation; and GOLDEN LYON
INVESTMENT CO., a California corporation
d/b/a W.Y. INTERNATIONAL, INC.,

    Plaintiffs,

    -against-

YANG SHING TRADING CO., INC., and
HENRY YEUNG,

    Defendants/Third-Party Plaintiffs,

    -against-

DAI SING, INC.,

    Third-Party Defendant.
-----------------------------------------------------------x
-----------------------------------------------------------x
GUANGDONG FOODSTUFFS IMPORT &
EXPORT (GROUP) CORP., a People's Republic
of China corporation; and GOLDEN LYON
INVESTMENT CO., a California corporation
d/b/a W.Y. INTERNATIONAL, INC.,

    Plaintiffs,

    -against-

HANDYFAT TRADING, INC., and YIN
YONG CHIN,

    Defendants/Third-Party Plaintiffs,

    -against-

DAI SING, INC.,

    Third-Party Defendant.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 04-CV-4746
Case No. 04-CV-4747
(consolidated)

*Appearances:*
*For the Plaintiffs and*
*for the Third-Party Defendant:*
HARVEY SHAPIRO, ESQ.
Sargoy Stein Rosen & Shapiro
1790 Broadway, 19th Floor
New York, New York 10019

*For Defendants/Third-Party Plaintiffs Yang Shing Trading Co. and Henry Yeung:*
DANIEL A. HOCHHEISER, ESQ.
MICHAEL ETHAN SANDE, ESQ.
Hochheiser & Hochheiser, LLP
270 Madison Avenue, Suite 1203
New York, New York 10016

*For Defendants/Third-Party Plaintiffs Handyfat Trading Co. and Yin Yong Chin:*
HANBIN WONG, ESQ.
277 Broadway, Suite 510
New York, New York 10007

**BLOCK, Senior District Judge:**

In these two consolidated actions, plaintiffs – Guangdong Foodstuffs Import & Export (Group) Corp. ("Guangdong"), the manufacturer of Pearl River Bridge brand soy sauce ("PRB"), and Golden Lyon Investment Co., d/b/a W.Y. International, Inc. ("W.Y."), the exclusive U.S. importer of PRB – sue defendants – Yang Shing Trading Co., Inc. ("Yang Shing"), Henry Yeung ("Yeung"), Handyfat Trading, Inc. ("Handyfat"), and Yin Yong Chin ("Chin") – for trademark and copyright infringement; they allege that the defendants, retail operations and their respective owners, sold soy sauce not manufactured by Guangdong under a counterfeit PRB mark. Defendants contend that the soy sauce they sold was authentic PRB in authentic PRB bottles, all supplied by authorized PRB distributors; in that regard, they assert third-party claims for indemnification against one of the distributors, Dai Sing, Inc. ("Dai Sing").

Pursuant to Federal Rule of Civil Procedure 56, Yang Shing and Yeung move for summary judgment on the claims against them on the ground that plaintiffs have failed to offer sufficient evidence to create a genuine issue of material fact as to whether the PRB

2

they sold was counterfeit; Handyfat and Chin do not move for summary judgment. In addition, Yang Shing and Yeung move pursuant to Federal Rule of Civil Procedure 6(b) for an order allowing them to serve and file a demand for a jury trial out-of-time.

I.

Plaintiffs must show "(1) that [they have] a valid mark that is entitled to protection . . . and (2) that [the defendants'] actions are likely to cause confusion as to the origin of the mark." *Gucci America, Inc. v. Duty Free Apparel, Ltd.*, 286 F. Supp. 2d 284, 287 (S.D.N.Y. 2003) (citing *The Sports Authority, Inc. v. Prime Hospitality Corp.*, 89 F.3d 955 (2d Cir. 1996)). Since Yang Shing and Yeung do not dispute that GDF's PRB mark is a valid and protected trademark, only the second element is at issue.

"[C]ounterfeits, by their very nature, cause confusion." *Id.* In support of their contention that the soy sauce sold by Yang Shing and Yeung was counterfeit, plaintiffs have not offered a chemical analysis or expert opinion as to the taste of the soy sauce; instead, they rely on evidence that all genuine PRB is packaged in bottles and cartons bearing certain distinguishing characteristics that differ from the packaging of the soy sauce sold by Yang Shing and Yeung.

At oral argument on September 19, 2007, the Court examined a sample bottle and carton of genuine PRB, and a sample bottle and carton of the allegedly counterfeit soy sauce. The Court concludes that there are material discrepancies – including the markings on the cartons and bottles, the quality of the cartons and the thickness of the bottles – that create an issue of fact as to whether the soy sauce sold by Yang Shing and Yeung was genuine PRB or counterfeit. *See Gucci America, Inc. v. Accents*, 955 F. Supp. 279, 282
3

(S.D.N.Y. 1997) (counterfeiting may be shown by "material differences" between the allegedly counterfeit goods and the authentic article).

Should the fact-finder determine that Yang Shing and Yeung are liable, damages will need to be assessed. As part of such assessment, the fact-finder will be required to determine whether Yang Shing and Yeung knowingly infringed the PRB mark, such that treble damages and attorney fees should be awarded. *See* 15 U.S.C. § 1117(b) ("In assessing damages . . . , the court shall, unless the court finds extenuating circumstances, enter judgment for three times . . . profits or damages, whichever is greater, together with a reasonable attorney's fee, in the case of any [trademark infringement] . . . that consists of intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark . . . in connection with the sale, offering for sale, or distribution of goods or services.").

## II.

Federal Rule of Civil Procedure 6(b)(2) gives district courts discretion to accept an untimely jury demand if the delay was the result of excusable neglect. *See Raymond v. IBM Corp.*, 148 F.3d 63, 66 (2d Cir. 1998) ("[W]e do not believe that the district court abused its discretion in granting leave to serve the jury demand out of time pursuant to Rule 6(b)(2)."). "[M]ere inadvertence, without more, can in some circumstances be enough to constitute 'excusable neglect' justifying relief under Rule 6(b)(2)." *Id.* "The Supreme Court [has] held that the inquiry into whether a failure to abide by a specified time constraint constitutes 'excusable neglect' is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission,' including prejudice to the

4

other party, the reason for the delay, its duration, and whether the movant acted in good faith." *Id.* (quoting *Pioneer Investment Servs. Co. v. Brunswick Associates, Ltd.*, 507 U.S. 380, 395 (1993)).

Although the delay here is considerable – nearly two years elapsed between the date Yang Shing and Yeung should have made their jury demand and the date they asked the Court for permission to do so out-of-time, there is no suggestion that Yang Shing and Yeung have acted in bad faith. Plaintiffs' contention that they will be prejudiced because they assumed the case would proceed as a bench trial is specious; whether the case is tried by the Court or a jury, the issues will be exactly the same. Finally, the central issue in this case – whether consumers were duped into buying counterfeit PRB – is better left to a jury consisting of multiple members of the consuming public rather than a single judge.

### III.

Yang Shing and Yeung's motion for summary judgment is denied; their motion to make a jury demand out-of-time is granted and is deemed to constitute a timely jury demand.

**SO ORDERED.**

/signed/

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 20, 2007

5